974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Enrique Alfonso GAYLE, a/k/a Kiki, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lino H. HAYNES, a/k/a Loni Haynes, a/k/a Nino, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Roberto SPALDING, a/k/a Pepito, a/k/a Pops, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cleveland MCLEAN, JR., a/k/a Junior, a/k/a June, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Franklyn Earl BANNERMAN, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Timothy Steven BOYD, a/k/a Tim, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carol RICHARDSON, a/k/a Carol Ann Preston, a/k/a Sharon
Thomas, a/k/a Lakeisha Perry, a/k/a Lakeisha
Knight, Defendant-Appellant.
 Nos. 91-5788, 91-5796, 91-5797, 91-5798, 91-5799, 91-5800, 91-5801.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: September 2, 1992
 
 Christopher P. Shema, TOLERTON & BROWN, P.C., Norfolk, Virginia; William B. Moffitt, MOFFITT, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellants.
 Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Lisa B. Kemler, MOFFITT, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant Spalding; James O. Broccoletti, ZOBY & BROCCOLETTI, Norfolk, Virginia, for Appellant Gayle; Rodolfo Cejas, II, Norfolk, Virginia, for Appellant Haynes; Robert LaPointe Bohannon, BOHANNON, BOHANNON & HANCOCK, Norfolk, Virginia, for Appellant McLean; W. Thurston Harville, Woodrow Lewis, Jr., COOK & MCCRACKEN, Norfolk, Virginia, for Appellants Boyd and Richardson.
 Richard Cullen, United States Attorney, Norfolk, Virginia, for Appellee.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Enrique Alfonso Gayle, Lino H. Haynes, Roberto Spalding, Cleveland McLean, Jr., Franklyn Earl Bannerman, Timothy Steven Boyd, and Carol Richardson appeal their convictions of various offenses and their resulting sentences arising from a conspiracy to import cocaine from the Republic of Panama. Although Defendants raise a myriad of errors, they principally argue that the district court erred in limiting the scope of cross-examination of Government witness Sophia Tucker and in including amounts of cocaine charged in counts of which they were acquitted in calculating their base offense levels for sentencing. Additionally, Bannerman contends that the trial court erroneously refused to permit his attorney to withdraw from representation after an alleged conflict of interest developed between Bannerman and another client whom his attorney was representing on appeal during the same period.
 
 
 2
 We conclude that the district court did not abuse its discretion in limiting cross-examination of Tucker nor were Defendants deprived of their Sixth Amendment right of confrontation by this limitation. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about ... confusion of the issues ... or interrogation that is repetitive or only marginally relevant."). The proffer of crossexamination presented by the defense amply demonstrates the questionable relevance of and the potential for confusion engendered by the proposed questioning. See J.A. 3191 201. Moreover, any error committed by the trial court in limiting cross-examination of Tucker was harmless beyond a reasonable doubt. See Van Arsdall, 475 U.S. at 680-84. We also hold that neither Defendants' rights to due process of law nor their constitutional protection against double jeopardy, see U.S. Const. amend. V, was violated by the inclusion of amounts of cocaine from acquitted counts to calculate the amount of cocaine for which Defendants should be held accountable for sentencing purposes. Here, the district court made a specific finding based on the preponderance of the evidence concerning the quantity of cocaine for which each Defendant was responsible. See United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991), cert. denied, 112 S. Ct. 1690 (1992); United States v. Morgan, 942 F.2d 243, 246 (4th Cir. 1991). Lastly, we find that the lower court did not err in declining to permit Bannerman's counsel to withdraw from representation because Bannerman failed to demonstrate the existence of an actual conflict adversely affecting counsel's representation of him. See Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980); United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991).
 
 
 3
 Defendants' remaining allegations of error are patently meritless, and, accordingly, we affirm.
 
 AFFIRMED