UNITED STATES of America,
Plaintiff–Appellee,

v.

Stanley Lilly ROMULUS, a/k/a Frank
Phillips, Defendant–Appellant.

No. 91–5390.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1991.

Decided Nov. 25, 1991.

William Lee Davis, III, Lumberton, N.C., argued, for defendant-appellant.

John Samuel Bowler, Asst. U.S. Atty., Raleigh, N.C. argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WILKINS, Circuit Judge:

Stanley Lilly Romulus appeals his conviction of and sentence for possession of crack cocaine with the intent to distribute. Romulus, who was a juvenile when he committed the offense, principally argues that the district court failed to make findings required by 18 U.S.C.A. § 5032 (West 1985 &

Supp.1991) to support its decision to transfer him for adult prosecution. We agree. This matter is remanded in order for the district court to make additional findings and to reconsider its transfer decision. Romulus' remaining assignments of error lack merit.

I.

On the afternoon of April 2, 1990, a North Carolina State Trooper was patrolling on Interstate 95 in a vehicle identified only by a state seal imprinted on the door panel. A Datsun automobile traveling in the same direction approached the officer's vehicle in the left inside lane and began to pass. When the identifying seal on the patrol vehicle became visible, the driver of the Datsun vigorously applied his brakes and declined to continue to pass. The officer slowed to attempt to observe the occupants of the Datsun, but the driver of the Datsun also reduced speed. As a result of the continued reduction in speed so that passing could be avoided, traffic began to back up behind the two vehicles. The peculiar behavior of the driver of the Datsun led the officer to believe that he was intoxicated or driving without a license. The officer also observed suspicious behavior by Romulus, a passenger in the Datsun, who appeared to be attempting to conceal something under his seat.

The officer stopped the Datsun and, upon approaching it, noticed several rounds of ammunition in plain view on the back seat. The driver agreed to the officer's request for permission to search the Datsun for weapons. During the search, 63 small baggies containing crack cocaine and a .22 caliber revolver were discovered. Romulus and the driver were arrested and taken into state custody. Romulus gave the state authorities false information about his identity and age.

The record is unclear concerning the specific date on which Romulus was taken into federal custody; however, the record is clear that Romulus was brought before a federal magistrate judge on July 2, 1990. During that appearance he misrepresented

to the court that his name was Frank Phillips and that his birthdate was October 20, 1970, making him 19 years old. On July 3, 1990, Romulus' true identity and actual age of 17 were determined.

The Attorney General made the necessary certification to the district court as required by 18 U.S.C.A. § 5032,[1] providing the district court with jurisdiction over Romulus. The government then moved the district court to treat Romulus as an adult on July 25, 1990. After conducting an evidentiary hearing on August 13, 1990, the district court ruled that prosecuting Romulus as an adult would be in the interest of justice.

Romulus was tried and convicted of possession of crack cocaine with the intent to distribute, 21 U.S.C.A. § 841(a) (West 1981), but was acquitted of carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp.1991). At sentencing, the district court enhanced Romulus' offense level by two levels for carrying a firearm during a drug offense and by two levels for obstruction of justice based on Romulus' use of a false name before the magistrate judge. The court sentenced Romulus to 87 months incarceration.

## II.

When an individual under 18 years of age commits a violation of federal law "which would have been a crime if committed by an adult," that individual has committed an act of juvenile delinquency. 18 U.S.C.A. § 5031 (West 1985). Having obtained jurisdiction pursuant to 18 U.S.C.A. § 5032, the government must proceed against a juvenile who commits an act of juvenile delinquency under the delinquency provisions of Title 18, Chapter 403, rather

than the criminal laws of the United States, except in narrowly defined statutory circumstances. *See* 18 U.S.C.A. § 5032. Romulus, as a juvenile over fifteen years of age when the alleged violation of 21 U.S.C.A. § 841(a) occurred, was eligible to be transferred for adult prosecution if the district court, upon motion and after hearing, concluded that treating Romulus as an adult "would be in the interest of justice." *Id.*

■ The question of whether the interest of justice is served by the transfer of a juvenile for adult prosecution is a decision within the broad discretion of the district court. *United States v. Doe*, 871 F.2d 1248, 1252 (5th Cir.); *cert. denied*, 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989). In reaching this decision, the district court shall consider:

> Evidence of the following factors ... *and findings with regard to each factor shall be made in the record*, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.

18 U.S.C.A. § 5032 (emphasis added).

■ Romulus argues that the district court did not make findings with regard to two of the factors the court was statutorily mandated to consider. He correctly asserts that this omission requires a remand for additional findings. Although the district court conscientiously attempted to discharge its responsibility under the statute,

1. Section 5032 provides in part:
    A juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such

   alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

it did overlook making findings concerning Romulus' present intellectual development and psychological maturity and the availability of programs that could assist Romulus. The language of section 5032 plainly and expressly requires that the district court make findings in the record with respect to *each* of the factors outlined. *See United States v. C.G.*, 736 F.2d 1474, 1478–79 (11th Cir.1984). Therefore, while we express no opinion on whether Romulus will ultimately prevail, we remand to the district court for additional findings and reconsideration of its transfer decision.[2]

■ The district court acquired jurisdiction over Romulus upon certification by the Attorney General pursuant to the "federal interest" provisions of section 5032. *United States v. Chambers*, 944 F.2d 1253 (6th Cir.1991). The question of whether to treat Romulus as an adult or a juvenile deals with the appropriate method for proceeding against Romulus in the district court once it obtained jurisdiction. The factual findings required by section 5032 are, therefore, not jurisdictional in nature. Consequently, if after making the required findings, the district court determines that the interests of justice are served by allowing proceedings against Romulus as an adult, his conviction will stand. If it determines to the contrary, it shall set the conviction aside and proceed accordingly.

### III.

Romulus next contends that his prosecution was barred by 18 U.S.C.A. § 5036 (West 1985). This section states:

If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed ... unless the Attorney General shows that additional delay was caused by the juvenile ... or would be in the interest of justice in the particular case.

18 U.S.C.A. § 5036. Romulus argues that he was not tried within the time period prescribed by this statute and that the district court erred in refusing to dismiss the proceedings against him.

■ The thirty-day speedy trial period begins to run from the date on which a juvenile is taken into federal custody. *See, e.g., United States v. Doe*, 882 F.2d 926 (5th Cir.1989). Although the record does not reflect the date on which Romulus was taken into federal custody, resolution of the precise date is unnecessary because the government was unaware that Romulus was a juvenile until July 3, 1990. Therefore, any period of time prior to July 3 was properly excluded as delay caused by the juvenile. *See* 18 U.S.C.A. § 5036. On July 25, 1990, the government moved to have Romulus treated as an adult. We find that the period between July 25, 1990 and August 13, 1990, the date on which the district court ordered Romulus transferred for adult prosecution, is properly excluded as within the interest-of-justice exclusion. *See id.* After August 13, 1990, Romulus was not "an alleged delinquent ... in detention pending trial," so section 5036 was no longer applicable. We find that Romulus' right to a speedy trial under section 5036 was not violated.

### IV.

■ During his trial testimony, Romulus admitted possession of crack cocaine but denied possession of the .22 caliber revolver. The jury acquitted him of the firearm charge. At sentencing the district court found as a factual matter that Romulus possessed the revolver and enhanced Romulus' offense level by two levels for possessing a dangerous weapon during the commission of the drug offense. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(b)(1) (Nov.1990). Romulus argues that basing the enhancement upon the same conduct for which he was acquitted violated his rights under the Due Process and Double Jeopardy Clauses. *See* U.S. Const. amend. V. We have previ-

---

**2.** On remand the district court may find it necessary to instruct the parties to submit additional evidence if it concludes that the record is insufficient to allow it to make the required findings.

ously rejected this argument. It is well settled that acquitted conduct may properly be used to enhance a sentence once a requisite finding is made by the sentencing judge. *United States v. Isom,* 886 F.2d 736 (4th Cir.1989) (Due Process not violated by district court considering as basis for enhancement conduct of which defendant was acquitted); *United States v. Rodriguez–Gonzalez,* 899 F.2d 177 (2d Cir.); *cert. denied,* — U.S. —, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990) (neither Double Jeopardy or Due Process Clauses prohibited enhancement on the basis of conduct for which defendant was acquitted).

## V.

█ The district court also enhanced Romulus' base offense level by two levels for obstruction of justice, U.S.S.G. § 3C1.1, finding that Romulus gave materially false information to the magistrate judge during his initial appearance. Section 3C1.1 provides that a defendant's offense level should be increased by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The commentary following section 3C1.1 states that "providing materially false information to a judge or magistrate" justifies the enhancement. U.S.S.G. § 3C1.1, comment. (n.3(f)). Romulus contends that he did not "willfully" obstruct justice. Rather, he claims that he gave the false information because he knew that if authorities were aware that he was a juvenile, he would be detained pending trial but that if considered an adult, he would likely be released on bond.

Section 3C1.1 requires that a defendant act "willfully." In order to have acted willfully within the meaning of this guideline, a defendant must "consciously act with the purpose of obstructing justice." *United States v. Stroud,* 893 F.2d 504, 507 (2d Cir.1990) (emphasis omitted). Although Romulus now argues that he merely wished to avoid pretrial detention, other evidence before the district court would have permitted the court to conclude that

Romulus provided false information in order to prevent authorities from learning that a bench warrant for his arrest was outstanding in the State of New York. The district court did not make a specific finding as to Romulus' intent in providing the false information. However, a remand for this purpose is unnecessary because we conclude that Romulus' admitted intent to prevent authorities from determining his true identity and age in order to gain an unwarranted release from custody constituted willful obstruction of justice.

## VI.

█ Romulus asserts that the district court erred in refusing to suppress evidence obtained in the search of the Datsun because the search was fruit of an illegal seizure. Romulus contends the officer's initial stop was illegal because the officer lacked the reasonable articulable suspicion needed to stop the Datsun. We conclude that the conduct of the occupants of the Datsun provided the officers a reasonable articulable suspicion that the driver was driving without a license or under the influence of alcohol. Moreover, driving beside the officer's automobile and refusing to pass obstructed traffic and constituted a traffic violation that independently justified the stop. *See Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979).

## VII.

We find no error surrounding Romulus' conviction or sentence and accordingly affirm. However, because the district court failed to comply with the requirement that a factual determination be made with respect to each factor to be considered under section 5032, we remand for further findings and reconsideration of the transfer order by the district court.

*AFFIRMED IN PART; REMANDED IN PART.*