977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronny Della CRAWFORD, Defendant-Appellant.
 No. 92-5432.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 B. Grant Smithson, Charlotte, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Patrice Lewis, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronny Della Crawford was convicted by a jury of possessing cocaine with intent to distribute in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992), and acquitted of three counts of possessing a firearm in connection with a drug offense. He appeals his sentence. We affirm.
 
 
 2
 Crawford's conviction resulted from a search of his apartment in which police found three loaded guns, some cocaine on Crawford's person, and larger amounts of cocaine hidden in two places in the apartment. The indictment did not charge that Crawford possessed a specific amount of cocaine. At the sentencing hearing, over defense objection, the district court considered the whole 252 grams of cocaine found in the apartment in determining Crawford's offense level, see U.S.S.G. §§ 1B1.3, 2D1.1(c),* and also added two levels for the possession of a firearm in the offense. U.S.S.G. § 2D1.1(b)(1).
 
 
 3
 In this appeal, Crawford maintains that use of the whole amount of cocaine, rather than just the amount found on him, is tantamount to considering acquitted conduct and violates double jeopardy and due process. He also argues that increasing his base offense level for possession of firearms violates due process and double jeopardy because the jury acquitted him of the firearm charges.
 
 
 4
 Because no specific amount of cocaine was charged in the indictment, Crawford was neither convicted nor acquitted of possessing a particular amount of cocaine. The quantity of cocaine here is simply a sentencing factor, not an element of the offense. See United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Crawford's double jeopardy and due process arguments concerning the amount of drug considered at sentencing are meritless. Moreover, we have previously held that enhancement of the base offense level for possession of a firearm during a drug offense when the defendant has been acquitted of the gun charge does not violate due process or double jeopardy. United States v. Romulus, 949 F.2d 713 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992).
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)