996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Stanley Lilly ROMULUS, a/k/a Frank Phillips, Defendant-Appellant.
 No. 92-5105.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-90-50)
 William Lee Davis, III, Lumberton, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Stanley Lilly Romulus appeals for the second time from his conviction for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a) (1988). Finding no error, we affirm.
 
 
 2
 Romulus was charged in July 1990 with possession of crack cocaine with the intent to distribute, 21 U.S.C.s 841(d)(1988), and of carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1992). When it was discovered that Romulus was only seventeen years old, the United States moved to treat him as an adult under 18 U.S.C.A. § 5032 (West 1985 & Supp. 1992). After an evidentiary hearing, the district court ruled that prosecuting Romulus as an adult would be in the interest of justice.[1] Romulus was convicted of the drug offense but acquitted of the firearms charge.
 
 
 3
 Romulus appealed to this Court, which held that the district court's failure to make specific findings with regard to certain factors identified in § 5032-intellectual development and psychological maturity and the availability of programs that could assist Romulus-required a remand. United States v. Romulus, 949 F.2d 713 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). The opinion concluded, on this issue, that if, after making the requisite findings, the district court determined that the interest of justice would be served by allowing proceedings against Romulus as an adult, his conviction would stand. 949 F.2d at 716.
 
 
 4
 On remand, the district court conducted a two-day hearing on the issues mandated by this Court's opinion. Romulus and four other witnesses testified. At the conclusion of the hearing, the district court found that, taking into account Romulus's intellectual development, psychological maturity, and the availability of programs that could assist him, transferring him for adult prosecution would be in the best interests of justice, and the court reaffirmed its original order of August 22, 1990. Romulus appeals.
 
 
 5
 Romulus first argues that the district court was without jurisdiction to commence the transfer hearing held in August 1990 because it did not have his prior juvenile court records as required by § 5032.[2] This requirement has been held to be jurisdictional. United States v. Juvenile Male, 923 F.2d 614 (8th Cir. 1991); United States v. Brian N., 900 F.2d 218 (10th Cir. 1990). However, the transcript of the hearing reveals that the Government produced a summary sheet of Romulus's juvenile record from New York at the beginning of the hearing. Romulus did not object. In any event, a copy of the entire record arrived at the hearing shortly thereafter. Therefore, we find this claim to be without merit.
 
 
 6
 Next, Romulus claims that the district court abused its discretion in reaffirming its decision to transfer him for prosecution as an adult. Specifically, Romulus maintains that "the trial court's order is not supported by adequate and sufficient evidence to support the transfer to adult jurisdiction."
 
 
 7
 After remand from this Court, the district court heard testimony from Romulus and four other witnesses. The court also reviewed a twenty-eight page Isolation Report which had been prepared by the North Carolina juvenile detention facility where Romulus was held prior to his original transfer hearing. This Report, and testimony from the director and two supervisors from the juvenile facility, detailed Romulus's violent behavior while in custody in the facility. Based on this evidence, the district court found that Romulus was, at the time of the original transfer hearing, "mature in the street sense of the word," and that Romulus's "intellectual development and psychological maturity were such that rehabilitative efforts directed toward him would be ineffective and that his presence in a juvenile facility would be detrimental to the efforts of the officials at any juvenile detention facility to effectively deal with and treat others."
 
 
 8
 The court also heard testimony from a federal probation officer that there are no federal juvenile detention facilities in North Carolina, and that any juveniles prosecuted in the federal system would be housed in a state juvenile facility. The district court concluded that, based on this testimony as well as the court's independent knowledge of juvenile facilities throughout the country, "there simply are no programs designed to treat the problems that" Romulus has.
 
 
 9
 Because the district court clearly complied with this Court's mandate to make specific findings with regard to Romulus's intellectual development and psychological maturity, and availability of programs that would assist him, and because the district court's conclusion is supported by the evidence, we affirm Romulus's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 A juvenile over fifteen years of age who commits a drug offense under § 841 may be transferred for adult prosecution if the district court, upon motion and after a hearing, concludes that treating the juvenile as an adult "would be in the interest of justice." 21 U.S.C.A. § 5032 (West Supp. 1992)
 
 
 [2]
 That section provides, in relevant part:
 Any proceedings against a juvenile under this chapter or as an adult shall not be commenced until any prior juvenile court records of such juvenile have been received by the court, or the clerk of the juvenile court has certified in writing that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable.
 18 U.S.C.A. § 5032.