1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 93-5195.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 20, 1993.
Decided: August 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-92-56)
 Gale M. Adams, Assistant Federal Public Defender, Fayetteville, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, William A. Webb, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Juvenile Male appeals from the district court decision that prosecuting him as an adult would be in the interest of justice. He contends that the district court's findings pursuant to 18 U.S.C.A. Sec. 5032 (West 1985 & Supp. 1993), were inadequate. Finding that the district court made adequate findings, we affirm.
 
 
 2
 On June 12, 1991, Juvenile Male, then sixteen years old, allegedly attempted to sell crack cocaine to an undercover police officer and robbed him at gunpoint. He was arrested on state charges of robbery with a dangerous weapon and possession with intent to sell and deliver cocaine.
 
 
 3
 The government certified charges on a juvenile information, charging that Juvenile Male knowingly and intentionally possessed with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and knowingly used and carried a firearm during and in relation to the drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp. 1993). The government also moved to transfer the case to federal jurisdiction and try Juvenile Male as an adult. See 18 U.S.C.A. Sec. 5032.
 
 
 4
 During the transfer hearing the court considered the record from the detention hearing, including statements and letters from school personnel, school discipline reports, and Juvenile Male's results on a standardized intelligence test taken in December 1989. The school records revealed Juvenile Male was a severe discipline problem during 1989 and 1990. He had been suspended numerous times, he threatened teachers, and he was described by the principal as the most severe discipline problem he had ever run across.
 
 
 5
 The government submitted documents related to Juvenile Male's prior state conviction for possession of drug paraphernalia. Testimony was presented that while awaiting trial in this case, Juvenile Male was charged with assaulting a guard or another inmate on four occasions. Testimony also showed that Juvenile Male was a member of a gang-type group and was known to be a dealer of crack cocaine. There was also testimony concerning a federal juvenile correctional facility where Juvenile Male could be held and the educational and support services offered at that facility.
 
 
 6
 The court found that Juvenile Male was eighteen years old, and based upon the little evidence of social background, that Juvenile Male "has a very anti-social historical past, resistant to authority." The court also found that Juvenile Male had a prior delinquency conviction for a drug offense on March 26, 1991, and that the evidence supported the conclusion that he had been engaged in more drug related activity as a street dealer of crack cocaine.
 
 
 7
 Regarding his intellectual capacity, the court reviewed the December 1989 competency test and found that Juvenile Male's development has been slow at best. The court also noted that since that time he had been in school very little. Relying upon the school records the court found that his psychological maturity was "sub-par; that he has a combative attitude and a resistant-authority resistant mentality."
 
 
 8
 The court found no evidence of past treatment efforts and stated that no findings could be made regarding Juvenile Male's response to such treatment. The court also considered that the State of North Carolina had done nothing for Juvenile Male to identify or treat his problems. The court concluded that the opportunity for treatment was much better in the federal system than in the state system and the interest of justice will be promoted by allowing the government's motion to transfer Juvenile Male to adult jurisdiction.
 
 
 9
 Juvenile Male appealed, arguing that the district court failed to make findings as to treatment efforts on Juvenile Male's behalf and made inadequate findings with respect to present intellectual capacity and psychological maturity.
 
 
 10
 A decision that the interest of justice is served by the transfer of a juvenile to adult prosecution is within the discretion of the district court, as long as the court makes findings as to the six factors listed in Sec. 5032. United States v. Romulus, 949 F.2d 713, 715 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Failure to make findings with respect to any of the factors mandates a remand for such findings. Romulus, 949 F.2d at 715.
 
 
 11
 Juvenile Male's contention that the district court failed to make findings with respect to the nature of past treatment efforts and his response to such efforts is without merit. The court specifically found that there had been no past treatment efforts and that the state had done nothing in the way of identifying or treating Juvenile Male's problems. Because there had been no past treatment efforts, the court found that it could not make findings with respect to Juvenile Male's response to such efforts.
 
 
 12
 Juvenile Male also contends that the district court made inadequate findings with respect to his social background. After reviewing evidence of Juvenile Male's behavior while in jail, letters and records from school officials, and Juvenile Male's school discipline records, the court concluded that Juvenile Male had an antisocial past history, a combative attitude and a mentality resistant to authority in whatever form. We find that the multitude of evidence of Juvenile Male's disruptive and combative behavior was sufficient to support the district court's finding, which was sufficient under Sec. 5032.
 
 
 13
 Finally, Juvenile Male argues that the district court made inadequate findings regarding his present intellectual development and psychological maturity. Based upon Juvenile Male's school records, his performance on a standardized intelligence test and the interpretive data, the court found that Juvenile Male's intellectual development was slow. The court also found that Juvenile Male's psychological maturity was sub-par. The findings regarding Juvenile Male's social background, intellectual development, and psychological maturity are adequate under Sec. 5032.* See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (findings of "too little evidence about his social background to make a conclusion about it" and"no evidence of psychological immaturity" adequate to support transfer under Sec. 5032).
 
 
 14
 Because the record evidences that the district court considered and made findings with regard to each of the factors listed in Sec. 5032 and there was no abuse of discretion, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Defendant appears to argue that the court failed to make findings regarding his present intellectual development because the finding was based upon an intelligence examination conducted in December 1989. However, based upon the other evidence submitted to the district court, the finding was not clearly erroneous. See Fed. R. Civ. P. 52(a)