10 F.3d 807
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen Roger SPENCER, Jr., Defendant-Appellant.
 No. 93-5112.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 5, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Farris A. Duncan, LANGSTON & DUNCAN, for Appellant.
 James R. Dedrick, United States Attorney, Christine B. Hamilton, Assistant United States Attorney,for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Glen Roger Spencer, Jr., was charged with conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C.A.Sec. 846 (West 1981 & Supp. 1993), and distribution of crack in violation of 21 U.S.C.A. Sec. 841 (West Supp. 1993). He went to trial and was convicted of conspiracy, but was acquitted on the substantive distribution count. He appeals the 121-month sentence he received. We affirm.
 
 
 2
 Shameek Goodman testified at Spencer's trial that Spencer sold both cocaine powder and crack which he received from their common source, a young man known as "B.I." Goodman said he, Spencer, and Sean Butler were all regularly supplied with drugs by B.I. at an apartment where Spencer lived. The assistant manager of the apartment complex testified that two girls rented the apartment, but were not living in it and had not paid the rent recently, and that other residents had complained about large numbers of men going in and out of the apartment.
 
 
 3
 Goodman testified that he agreed to sell four ounces of crack to a person who turned out to be a confidential informant (CI). Goodman paged B.I. and asked him to deliver the crack to a Denny's restaurant where he and the CI were waiting. Shortly afterward, Spencer drove into the restaurant parking lot. His passenger, Sean Butler, had 96.7 grams of crack in a white bag. Goodman and the CI got in the car and inspected the crack. Spencer, Goodman, and Butler were then arrested. Goodman and Butler entered guilty pleas.
 
 
 4
 In Spencer's sentencing hearing, over his objection, the district court correctly found that the entire 96.7 grams of crack was relevant conduct properly used to determine his base offense level, despite his acquittal on the substantive distribution charge. United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a)(1) (Nov. 1992); United States v. Isom, 886 F.2d 736 (4th Cir. 1989). The court found by a preponderance of the evidence that Spencer participated in a conspiracy to distribute the 96.7 grams. Its factual finding is not clearly erroneous. Because Spencer participated directly in the effort to distribute 96.7 grams of crack, he was accountable for the whole amount. U.S.S.G. Sec. 1B1.3, comment. (n.2(a)).
 
 
 5
 On appeal, Spencer argues for the first time that consideration of acquitted conduct for sentence enhancement violates the prohibition against double jeopardy. This Court has already rejected that view. United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). The district court thus did not plainly err on double jeopardy grounds in finding Spencer accountable for the 96.7 grams.
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED