39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Louise LEE, Defendant-Appellant.
 No. 94-5046.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 27, 1994.
Decided: Nov. 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-134)
 Michael G. Howell, Assistant Federal Public Defender, Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Louise Lee entered a guilty plea to a criminal information charging her with bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1994), and received a sentence of thirty-three months. She appeals her sentence on the grounds that the district court clearly erred in making an adjustment for obstruction of justice, USSG Sec. 3C1.1,* in denying her an adjustment for acceptance of responsibility, USSG Sec. 3E1.1, and in departing upward from the guideline range. We affirm.
 
 
 2
 Between March 1991 and August 1992, Louise Lee made nineteen loan applications at twelve banks. On each application, she gave false information. On some she used the alias Louise Lee Morgan. On others, she gave a false social security number, false driver's license number, or false employment or income information. She successfully obtained $98,282, of which all but $11,357 was repaid with money from new loans. At her sentencing, Lee's attorney explained that Lee initially bought a car with the loan proceeds. When she defaulted, the car was repossessed. She then repaid the loan with money from a new loan in order to get the car back, and subsequently defaulted again. This process was repeated a number of times.
 
 
 3
 Because in her presentence interview Lee failed to disclose that she had used an alias ("Louise Lee Morgan") the probation officer recommended an adjustment for obstruction of justice. USSG Sec. 3C1.1. The probation officer did not recommend an adjustment for acceptance of responsibility because of Lee's obstruction of justice, USSG Sec. 3E1.1, comment. (n.4), and because she obtained a Mercedes by writing two worthless checks after she knew she was being investigated for bank fraud.
 
 
 4
 The recommended guideline range was 18-24 months. However, the probation officer suggested that an upward departure might be appropriate under application note 7(b) to section 2F1.1 because the loss determined under the guideline significantly understated the seriousness of the offense. Although the government did not recommend a departure, it stated in its sentencing memorandum that, were it not for her guilty plea, a departure would be justified because of Lee's record (she had fifty-seven prior convictions for writing worthless checks), "her obdurate criminality in the face of an impending federal conviction, and the great financial risk to which she exposed several banks."
 
 
 5
 Lee opposed a departure and asserted that she had accepted responsibility for her conduct. She also opposed an adjustment for obstruction of justice, arguing that her statement to the probation officer that she had never used another name was not a material falsehood because the government was aware that she used the name Louise Lee Morgan in making one of the fraudulent loan applications.
 
 
 6
 The district court decided that Lee's misrepresentation was material to the determination of her criminal history, and warranted an adjustment under USSG Sec. 3C1.1. It decided that her conduct did not demonstrate acceptance of responsibility. The court then departed upward from the guideline range of 18-24 months and sentenced Lee to thirty-three months imprisonment.
 
 
 7
 On appeal, Lee argues first that her failure to admit using an alias was not material. When Lee indicated to the probation officer that she had never used any name but her true name, she was at the time on probation from a conviction under the name Louise Lee Morgan for obtaining property by false pretenses. This offense added two points to her criminal history score pursuant to guideline section 4A1.1(d). Application note 3(h) to guideline section 3C1.1 provides that the adjustment applies when a defendant gives materially false information to a probation officer in respect to the presentence investigation. "Material" information is defined as information that, if believed, would tend to influence or affect the issue under determination. USSG Sec. 3C1.1, comment. (n.5). An attempt to obstruct is sufficient; therefore, the enhancement is due even if the probation officer discovers the falsity of the statement and it does not actually impede the investigation. United States v. Hicks, 948 F.2d 877, 886 (4th Cir.1991). The false information Lee gave the probation officer was clearly material.
 
 
 8
 Lee also contends that the government did not prove that her failure to tell the probation officer that she had used an alias was a willful attempt to obstruct justice. At sentencing, defense counsel stated that Lee had not given her alias because she assumed it was already known. It is true that the alias was either already known to the probation officer or immediately discovered because the investigative report describing her various fraudulent loans showed that she had used the alias Louise Lee Morgan on several of the applications. Nonetheless, Lee gave a false answer to the question asked, and her answer had the potential of lessening her sentence. The district court did not make a finding on willfulness. However, because of the potential effect of Lee's failure to disclose her alias, we find that Lee's action constituted willful obstruction of justice. See United States v. Romulus, 949 F.2d 713, 717 (4th Cir.1991) (act is willful if its purpose is to obstruct), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 9
 Although when she was confronted by federal agents Lee admitted her criminal conduct, cooperated with authorities, and entered a guilty plea, she continued to engage in additional criminal conduct and was not forthcoming in her interview with the probation officer. A defendant's continued criminal conduct is a valid reason for finding that she has not accepted responsibility. United States v. Kidd, 12 F.3d 30, 34 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994). Moreover, conduct resulting in an obstruction of justice adjustment forecloses an adjustment for acceptance of responsibility except in extraordinary circumstances. USSG Sec. 3E1.1, comment. (n.4). No such circumstances appear to be present in this case, and the denial of this reduction was not clearly erroneous.
 
 
 10
 Finally, Lee contests the upward departure. She concedes that a departure may be warranted when the loss determined under guideline section 2F1.1 does not adequately reflect the seriousness of the defendant's conduct, and she does not challenge the factual basis for the departure. She claims that, under the third prong of the test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir.), cert. denied, 499 U.S. 970 (1991), her offense was not serious enough to justify a departure.
 
 
 11
 The district court's determination that the factors identified as a basis for departure are of sufficient importance to warrant departure and its decision as to the extent of the departure are reviewed for abuse of discretion. Id. The only explanation given by the district court for its decision to depart was that the amount of loss determined under the guidelines significantly understated the seriousness of Lee's conduct. Lee argues on appeal that her offense was not serious because most of the loans were repaid. However, application note 7(b) to guideline section 2F1.1 provides that "where the defendant substantially understated his debts to obtain a loan, which he nevertheless repaid, the loss determined above (zero loss) will tend not to reflect adequately the risk of loss created by the defendant's conduct."
 
 
 12
 Lee reported false employment and income information and listed co-applicants without their knowledge, thereby exposing the banks to a greater risk of loss than they knew when they made the loans. It is clear that each bank which loaned Lee money ran the risk of losing all of it because those loans which were repaid were only paid with money from new fraudulently obtained loans. The district court's decision to depart was not therefore an abuse of discretion.
 
 
 13
 The increase of three offense levels also was not an abuse of discretion. The probation officer correctly used the actual loss of $11,357 to enhance the base offense level by three, USSG Sec. 2F1.1(b)(1)(D), resulting in a final offense level of thirteen. It is evident that in departing the district court looked to the amount Lee successfully obtained in fraudulent loans, $98,282, which would have produced an enhancement of six levels, USSG Sec. 2F1.1(b)(1)(G), and a final offense level of sixteen. This calculation would have yielded an offense level of 27-33 months. Therefore, the sentence of thirty-three months was not unreasonable.
 
 
 14
 The sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)