**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DEVINE WHITFIELD, a/k/a Shawn
Sinclair,*
Defendant-Appellant.

No. 98-4556

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-804)

Submitted: January 19, 1999

Decided: February 22, 1999

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Sean Kittrell, OFFICE OF THE UNITED
STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

*In the district court, this case was styled "United States v. Shawn Sinclair."

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shawn Sinclair* pled guilty to possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C.A.§ 841(a)(1) (West 1981 & Supp. 1998), and the use or carrying of a firearm during a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). The district court imposed a 300-month sentence. Whitfield's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issues: whether the district court erred in finding Whitfield responsible for 193.16 grams of crack cocaine and whether the district court erred in finding that Whitfield obstructed justice when he failed to inform the magistrate judge of his correct name. Although informed of his right to file a supplemental brief, Whitfield has not done so. Because our review of the record reveals no reversible error, we affirm.

After the jury was empaneled and on the day of trial, Whitfield pled guilty. The district judge accepted Whitfield's guilty plea following a proper Rule 11 colloquy. In her presentence report, the U.S. Probation Officer found that Whitfield was responsible for the distribution of 193.16 grams of crack cocaine. The base offense level for distributing 150-500 grams of crack cocaine is 34. U.S. Sentencing Commission Guidelines Manual § 2D1.1 (1997). The Probation Officer recommended a two level increase for obstruction of justice pursuant to USSG § 3C1.1 because Whitfield provided a false name to the magistrate judge and thereby avoided being charged as a felon in possession of a firearm. Because Whitfield pled guilty to his offense,

_____

*Appellant provided this false name to the magistrate judge. His legal name, Devine Whitfield, was not discovered by his attorney until just over three weeks before trial. Counsel informed the district judge of the deception.

2

albeit on the eve of trial, the Probation Officer recommended a two-level decrease for acceptance of responsibility.

Thus, the recommended offense level was 34, which, combined with Whitfield's criminal offense category of III, yielded a guideline range of 188 to 235 months. But because of a prior felony drug offense, Whitfield was subject to a 20-year mandatory minimum sentence on count 1. The district court adopted the Probation Officer's recommendations, sentencing Whitfield to the statutory minimum of 240 months on count 1. 21 U.S.C.A. § 841(b)(1)(A). A 60-month consecutive sentence was imposed in connection with the firearm charge. See USSG § 2K2.4.

The court's determination of the drug quantity chargeable to Whitfield was based upon the testimony of one of Whitfield's accomplices, Joseph White, and Task Force Officer Galloway. White testified to Whitfield's crack distribution relating facts that would support a finding of Whitfield's distribution of well over 193.16 grams of crack cocaine. Galloway testified about the statement given by another accomplice of Whitfield's, Connie Green, who informed him of drug sales Whitfield made to her and Whitfield's drug dealing activities. Galloway also provided information gathered from several other witnesses in the investigation of a larger drug conspiracy of which Whitfield was involved as a buyer. The information gleaned from these witnesses' statements to Galloway tended to support White's testimony.

The district judge, crediting the testimony of White and Galloway, adopted the Probation Officer's recommendation that Whitfield be held responsible for 193.16 grams. We give due deference to the district judge's opportunity to judge the credibility of witnesses, and will only reverse the court's factual findings if they are clearly erroneous. See United States v. Brooks, 957 F.2d 1138, 1148, 1152 (4th Cir. 1992). The district court's finding was not clearly erroneous.

The district court also did not err in increasing Whitfield's offense level for obstructing the administration of justice. Providing materially false information to a judge or magistrate is a basis for imposing a two-level increase in the offense level. See USSG § 3C1.1, comment. n.3(f)); see also United States v. Romulus , 949 F.2d 713, 717

3

(4th Cir. 1991). Also, even assuming the court erred, such an error would be harmless because Whitfield received the statutory mandatory minimum sentence of 240 months on count 1 and the statutorily-mandated sentence of 60 months on count 2.

We thus find that the district court did not err in assessing the quantity of drugs chargeable to Whitfield or in increasing his offense level for obstruction of justice. We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4