UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                      No. 00-4492

SAMUEL BROOKS, JR.,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-3)

Submitted: March 20, 2001

Decided: April 16, 2001

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas W. Carpenter, THOMAS W. CARPENTER, P.C., Newport News, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Brooks, Jr., was convicted by a jury of possessing more than five grams of cocaine base (crack), in violation of 21 U.S.C.A. § 844(a) (West 1999). The district court imposed a sentence of sixty-three months imprisonment. Brooks contests the district court's denial of his motion to suppress evidence seized from him pursuant to his arrest on suspicion of assault. He also appeals his sentence, contending, first, that the district court's application of the cross reference in *U.S. Sentencing Guidelines Manual* § 2D2.1(b)(1) (1998), denied him due process, and, second, that the district court erred in sentencing him to more than one year imprisonment because the jury did not determine that he possessed more than five grams of crack. We affirm.

Brooks was arrested on July 21, 1999, in the apartment of his girlfriend, Monique Pyatt, after Pyatt called 911 and reported that she had been assaulted by him. In a search of Brooks' person incident to the arrest, police seized 13.11 grams of crack, a loaded 9mm semiautomatic handgun, $2375 in cash, and a pager. Brooks was later charged in federal court with possession of crack with intent to distribute, 21 U.S.C.A. § 841(a) (West 1999), and carrying a firearm during and in relation to a drug trafficking crime.* 18 U.S.C.A. § 924(c) (West 2000).

Brooks moved to suppress the evidence obtained in the search on the ground that the warrantless arrest was made without probable cause and the resulting search was unlawful. At the suppression hearing, the arresting officer testified that Pyatt invited the officers who answered her 911 call into her apartment, stated that her boyfriend had assaulted her, and indicated that Brooks was her boyfriend and the father of her child although he did not live in the apartment. The officer could see bleeding scratches on Pyatt's face and neck. The officer testified that he believed he had probable cause to believe that Brooks had assaulted Pyatt, and that under the circumstances he had

---

*Brooks was never charged with assault because Pyatt subsequently refused to cooperate with authorities.

authority to arrest Brooks. Both Pyatt and Brooks testified that Brooks had not assaulted Pyatt and that Pyatt neither told police that he had nor invited them into her apartment. The district court found that the officer's account was credible, that the arrest was therefore lawful, and that the evidence seized incident to the arrest was admissible. On appeal, Brooks claims that the evidence seized from his person was inadmissible because the officers had neither a search warrant nor an arrest warrant, nor probable cause to arrest him. For the reasons explained below, we find no error in the district court's ruling.

While evidence seized in violation of the Fourth Amendment is generally inadmissible, *United States v. Seidman*, 156 F.3d 542, 548 (4th Cir. 1998) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)), a lawful custodial arrest for any offense gives the police authority to conduct a full search of the arrestee's person. *United States v. Robinson*, 414 U.S. 218, 235 (1973). The lawfulness of arrests by state officers for state offenses is determined by state law, as long as there is no violation of the federal constitution. *Ker v. California*, 374 U.S. 23, 37 (1963). Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (citation omitted). The determination that particular facts gave rise to probable cause for an arrest is a legal question reviewed de novo. *Id.* at 770. The district court's factual determinations are reviewed for clear error, *id.*, and its credibility determinations are not subject to review. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

In Brooks' case, the district court determined that the officer believed he had authority to arrest Brooks after Pyatt told him Brooks was the father of her child and that he had assaulted her, because the officer could see physical evidence of an attack. Virginia law authorizes an arrest under such conditions. A person alleged to have committed assault and battery against a family or household member may be arrested without a warrant if the arrest is based on probable cause, personal observation, or the reasonable complaint of a person who witnessed the offense. Va. Code Ann. § 19.2-81.3(A) (Michie 2000).

A "family or household member" may be a person who has a child in common with the person making the complaint, whether or not they are married or have ever resided together. Va. Code Ann. § 16.1-228(v) (Michie 1999). Therefore, the district court did not err in finding that the officers reasonably believed that they had probable cause to arrest Brooks. Because Virginia state law authorized an arrest based on probable cause under these circumstances, the district court did not abuse its discretion in finding that Brooks' arrest was lawful and that the evidence seized in the search incident to the arrest was admissible.

At trial, Brooks was acquitted of the two charged offenses—possession of crack with intent to distribute and a violation of § 924(c). He was convicted of the lesser included drug offense of knowingly possessing a controlled substance in violation of 21 U.S.C.A. § 844(a). For a first drug offense involving simple possession, § 844(a) prescribes a sentence of not more than one year imprisonment unless the drug possessed is more than five grams of crack, in which case the sentence is five to twenty years imprisonment. The guideline applicable to a conviction under § 844(a) is USSG § 2D2.1. However, a cross reference in USSG § 2D2.1(b)(1) directs that, if the offense involves more than five grams of crack, USSG § 2D1.1 should be applied as though the defendant had been convicted of possession of crack with intent to distribute. Over Brooks' objections, the district court applied the cross reference in calculating Brooks' sentence, thus increasing his base offense level from eight to twenty-six. The court also made a two-level enhancement under § 2D1.1(b)(1) for possession of a dangerous weapon during the offense. With an offense level of twenty-eight and criminal history category I, Brooks' guideline range was 63-78 months.

Brooks maintains that the combined operation of § 844(a) and § 2D2.1 denied him due process and a fair trial because application of the cross reference in § 2D2.1(b)(1) negated the jury's finding that he was not guilty of possessing crack with intent to distribute, and not guilty of possessing a firearm in connection with a drug offense. We disagree. Due process is not violated when the severity of a sentence is determined by the amount or type of drug possessed. *See Chapman v. United States*, 500 U.S. 453, 464-65 (1991). Congress has rationally decided that possession of five grams or more of crack is a seri-

ous offense warranting a more severe sentence than possession of an equal quantity of other drugs. The cross reference in § 2D2.1(b) merely implements the requirement of § 844(a) that possession of more than five grams of crack be severely punished.

Brooks also asserts that the cross reference is inconsistent with the statutory scheme and the rest of the guidelines because Congress intended simple possession of drugs in general to be punished less severely than possession for distribution. This assertion is belied by the five-to-twenty-year sentence prescribed in § 844(a) for a first offense involving simple possession of five or more grams of crack.

With respect to the firearm enhancement under § 2D1.1(b)(1) that resulted from application of the cross reference, Brooks acknowledges that this Court has upheld the enhancement where it is based on conduct for which the defendant has been acquitted. *See United States v. Romulus*, 949 F.2d 713, 716-17 (4th Cir. 1991). Although the defendant in *Romulus* was convicted of possessing crack with intent to distribute, this distinction is not significant unless application of the cross reference was error. Because the cross reference was properly applied, as discussed above, the firearm enhancement was also correct.

Last, we find nothing in the jury instruction on the lesser included offense that could affect Brooks' sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) (holding that any factor that increases the statutory maximum sentence, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt). Because Brooks failed to challenge the jury instructions at trial, this issue is reviewed for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Brooks must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732.

The indictment charged that Brooks possessed five or more grams of crack with intent to distribute. In Instruction 11, the jurors were instructed that before they could convict Brooks, the government had to prove three elements beyond a reasonable doubt: (1) that Brooks "possessed the controlled substance described in the indictment;" (2) that Brooks knew the substance was a controlled substance; and (3)

that Brooks intended to distribute the controlled substance. The jury was further instructed in Instruction 12 that, "[I]f the government has proved elements 1 and 2 beyond a reasonable doubt, but did not prove the 3rd element that the defendant had the intent to distribute the controlled substance, then you may find the defendant guilty of the lesser offense." Thus, to convict Brooks of the lesser included offense of simple possession, the jurors were instructed that they had to find beyond a reasonable doubt that he had "possessed the controlled substance described in the indictment." In *United States v. Richardson*, 233 F.3d 223, 230-31 (4th Cir. 2000), this Court found that an instruction worded in this way complied with *Apprendi* and with *Jones v. United States*, 526 U.S. 227 (1999).

Brooks attempts to distinguish *Richardson* by arguing that it did not address a lesser included offense instruction. However, Instructions 11 and 12 must be read together and, taken together, they require the jurors to find beyond a reasonable doubt that Brooks possessed more than five grams of crack as charged in the indictment before they could convict him of simple possession. Because the jury found that Brooks possessed more than five grams of crack, the district court did not err in sentencing him to a term of more than one year imprisonment.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*