UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4192

DORION POUNCY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-155)

Submitted: July 15, 2003

Decided: August 7, 2003

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Dorion Pouncy appeals his sentence imposed following his guilty
plea to traveling in interstate commerce to acquire firearms for the
purpose of dealing in firearms without a license, in violation of 18
U.S.C. § 924(n) (2000). On appeal, Pouncy challenges the enhance-
ment of his offense level for obstruction of justice.

A two-level enhancement of a defendant's base offense level is
warranted if:

> (A) the defendant willfully obstructed or impeded, or
> attempted to obstruct or impede, the administration of jus-
> tice during the course of the investigation, prosecution, or
> sentencing of the instant offense of conviction, and (B) the
> obstructive conduct related to (i) the defendant's offense of
> conviction and any relevant conduct; or (ii) a closely related
> offense.

*U.S. Sentencing Guidelines Manual* § 3C1.1 (2000). To warrant an
enhancement under this section, false evidence provided by the defen-
dant must be "material," that is, "information that, if believed, would
tend to influence or affect the issue under determination." USSG
§ 3C1.1, comment. (n.6). Furthermore, such a material false statement
includes one that significantly obstructs or impedes the official inves-
tigation or prosecution of the instant offense. USSG § 3C1.1, com-
ment. (n.4(g)).

The district court must find that the defendant "'consciously acted
with the purpose of obstructing justice.'" *United States v. Romulus*,
949 F.3d 713, 717 (4th Cir. 1991) (quoting *United States v. Stroud*,
893 F.2d 504, 507 (2d Cir. 1990)). This court reviews the district
court's findings for clear error. *United States v. Puckett*, 61 F.3d

1092, 1095 (4th Cir. 1995); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

The presentence report applied an enhancement for obstruction of justice under § 3C1.1 because Pouncy lied when he initially told Bureau of Alcohol, Tobacco, and Firearms (ATF) special agents that firearms he had purchased in West Virginia were stolen from a U-Haul truck in that jurisdiction. More than one year later, Pouncy admitted the guns were stolen from the trunk of his car in Detroit, Michigan. On appeal, Pouncy claims the guns, eventually located through the use of a federal "Suspect Gun" registry, would not have been identified any faster had he initially provided correct information to the ATF agents.

It is undisputed Pouncy provided false information as to the location from which the guns were stolen. ATF agents spent resources and time developing leads and attempting to locate the guns in West Virginia, where Pouncy initially told them they were stolen. If ATF agents had the correct information that the guns had been stolen in Detroit, their investigation would not have been so impeded. Furthermore, because Pouncy did not change his story until after his guilty plea hearing occurred, it is entirely plausible that he intentionally misled authorities to avoid liability for interstate transportation of the firearms.

Therefore, we affirm Pouncy's sentence. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*