**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4021**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE ORANGE, a/k/a Dre,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:06-cr-00257-HEH)

———————————

Submitted:  May 23, 2007          Decided:  August 27, 2007

———————————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Esther J. Windmueller, Richmond, Virginia; Muriel-Theresa Pitney, THE LAW OFFICE OF MURIEL PITNEY, PLC, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Andre Orange guilty of one count of influencing a prospective witness to provide false testimony, in violation of 18 U.S.C. §§ 1512(b)(3), 2 (2000). He was acquitted of the charge of being an accessory-after-the-fact to a murder. On appeal, Orange claims the district court erred by not incorporating his proposed affirmative defense instruction into the jury instructions. He also claims the district court should have imposed a variant sentence because the advisory guidelines sentence was based in part on acquitted conduct. We affirm.

Because Orange did not object to the district court's jury instructions, we review for plain error. United States v. Nicolaou, 180 F.3d 565, 569 (4th Cir. 1999). Under the plain error standard, Orange must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001). Orange failed to show the alleged error was obvious or that his substantial rights were

affected by the alleged error.  As a result, there was no plain error.

With respect to the sentence, we note there was no error in considering acquitted conduct in determining the sentence under the advisory guidelines.  United States v. Williams, 399 F.3d 450, 454 (2d Cir. 2005); United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991).  We review a post-United States v. Booker, 543 U.S. 220 (2005) sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable."  United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).  "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).  While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record.  Johnson, 445 F.3d at 345.  This is particularly the case when the court imposes a sentence within the applicable guideline range.  Id.

- 3 -

We find Orange's sentence was reasonable and there was no error in the district court's decision to deny his request for a variant sentence.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED