**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5286

KEVIN JERMAINE MELVIN, a/k/a/
Baby-Boy,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-94-139-F)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Randy L. Havlicak, Special Assistant United States Attor-
ney, Fort Bragg, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin Jermaine Melvin appeals his convictions of conspiracy to distribute cocaine and two counts of distributing cocaine. Melvin claims that the district court erred by admitting testimony regarding prior drug dealing and by enhancing his sentence for possession of a firearm.

In September 1994, the United States Army Criminal Investigation Division at Fort Bragg, North Carolina, began an investigation into Melvin's alleged drug dealing. Government agents contacted Nathaniel Jackson and arranged for him to make controlled purchases of crack cocaine from Melvin. Jackson made several such purchases from Melvin.

At Melvin's trial, Jackson testified that he and Melvin had a drug buyer/seller relationship for five months prior to the dates charged in the indictment. Melvin contends that this testimony was inadmissible under Fed. R. Evid. 404(b) and 403. Under Rule 404(b), a defendant's prior bad acts are not admissible to show that he acted in conformity therewith. However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). This list is construed broadly to exclude evidence "which tends to prove only criminal disposition." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995) (quoting United States v. Percy, 765 F.2d 1199, 1203 (4th Cir. 1985)). This court permits evidence of a defendant's prior bad acts if the evidence is relevant to an issue other than character and if it is both necessary and reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). The district court's decision to admit such evidence will not be overturned unless it is "arbitrary or irrational." Powers, 59 F.3d at 1464.

2

Applying these principles, we find that the testimony at issue was admissible under Rule 404(b). Jackson's testimony regarding his relationship with Melvin prior to the time charged in the indictment was relevant to the issues of intent, knowledge and plan. Jackson's testimony puts Melvin's actions in context with the elements of the conspiracy charge. There is a direct relationship between the testimony that Jackson previously had a buyer/seller relationship with Melvin and the acts charged in the indictment. See United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980) (holding that evidence is necessary where it establishes the context of the crime charged); see also United States v. Smith, 446 F.2d 200, 204 (4th Cir. 1971). Finally, we find that the testimony was not unduly prejudicial under Fed. R. Evid. 403.

Melvin maintains that the evidence was unreliable because there was no corroborating evidence to support Jackson's testimony of a buyer/seller relationship prior to the acts charged in the indictment. However, there is no requirement for such corroboration. United States v. Hernandez, 975 F.2d 1035, 1040 (4th Cir. 1992). And the weight and credibility of Jackson's testimony is exclusively a jury question not subject to review on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Melvin also contends that the district court improperly enhanced his sentence for possession of a firearm because the district court dismissed a firearms count in his indictment upon his Fed. R. Crim. P. 29 motion at the close of evidence. United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1994). This court has expressly upheld the enhancement of a defendant's sentence under USSG § 2D1.1(b)(1) for possession of a firearm where the defendant had been acquitted of the corresponding 18 U.S.C. § 924(c) (1988) count at trial. United States v. Romulus , 949 F.2d 713, 717 (4th Cir. 1991) ("It is well settled that acquitted conduct may properly be used to enhance a sentence once a requisite finding is made by the sentencing judge."), cert. denied, 503 U.S. 992 (1992). The district court's finding on this issue is reviewed for clear error.

Jackson testified that on his September 24 trip to purchase cocaine from Melvin, he saw a Glock handgun on the table where Melvin was sitting and five semi-automatic weapons under the table in the room with Melvin and some other individuals. We find this evidence suffi-

3

cient to sustain the enhancement of Melvin's sentence. Accordingly, we affirm Melvin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED