**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4887**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE MERCER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:05-cr-00305-BR)

_____

Submitted: May 30, 2007                    Decided: July 6, 2007

_____

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jeffrey M. Brandt, Cincinnati, Ohio, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mercer of one count of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. 841 (a)(1) (2000). The court sentenced Mercer to 360 months' imprisonment. On appeal, Mercer raises the following issues: whether the district court erred in denying his motion to suppress evidence gathered after a protective sweep; whether there was sufficient evidence supporting the possession with intent to distribute charge; whether the district court erred by enhancing Mercer's sentence based upon his prior convictions; whether the district court erred by punishing Mercer based on acquitted conduct; whether this Court may constitutionally presume that a sentence within the correctly calculated guidelines range is reasonable; and whether the sentence is reasonable. After thoroughly reviewing the record, we affirm.

First, Mercer argues the officer's search of his residence was for evidence, not a protective sweep. In considering the district court's denial of a motion to suppress, this Court reviews legal conclusions de novo, while reviewing factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Evidence is viewed in the light most favorable to the party who prevailed in the district court. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Under Maryland v. Buie, 494 U.S.

325, 327 (1990), police may conduct a limited search of the areas immediately adjoining the place of an arrest where a person may be found in order to assure the safety of police and others. Id. at 335. We conclude that the district court properly found that officers acted reasonably by checking the bedroom to see if a person or weapon was in the bedroom after Mercer had suddenly moved into that room.

Next, Mercer argues the evidence does not demonstrate that Mercer had possession of the crack cocaine and the Government did not prove intent to distribute. To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). This court reviews both direct and circumstantial evidence, and permits the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To prove possession with intent to distribute a controlled substance, the government must establish that a defendant: (1) knowingly; (2) possessed the control substance; and (3) intended to distribute the controlled substance. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Possession may be proven by direct or circumstantial evidence. United States v.

Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc).  Intent to distribute may be inferred from a defendant's possession of quantities too large for personal consumption.  Burgos, 94 F.3d at 873.

A police officer testified he saw a baggie containing crack cocaine on the floor of a bedroom immediately after Mercer exited the room.  Mercer's mother, who regularly slept in that bedroom, testified the crack cocaine was not hers.  We conclude the jury reasonably inferred that Mercer possessed the baggie of crack cocaine and tried to dispose of it in the bedroom.  In addition, a Government witness testified that the amount of crack cocaine found in the baggie was consistent with distribution.  We conclude that substantial evidence supports the jury's finding that the amount found was consistent with the intent to distribute.

Third, Mercer argues that the district court improperly considered prior convictions to determine his criminal history category.  We find the argument is without merit.  Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005), cert. denied, 126 S. Ct. 640 (2005).

Fourth, Mercer argues the district court violated his Fifth and Sixth Amendment right to due process and trial by jury,

respectively, by punishing him based on acquitted conduct.  Mercer complains he was held responsible for drug quantities beyond the amount for which he was found guilty of possessing with intent to distribute.   It is well-established that a district court's consideration of acquitted conduct in calculating a sentence does not run afoul of constitutional constraints.  E.g., United States v. Watts, 519 U.S. 148, 155-57 (1997); United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991).  This rule survives United States v. Booker, 543 U.S. 220 (2005).  United States v. Williams, 299 F.3d 450, 454 (2d Cir. 2005).   Further, Mercer was not prejudiced because his base offense level was determined by his career offender status, not the amount of drugs for which he was held responsible.  We find that Mercer is not entitled to relief.

Fifth, Mercer contends that the presumption of reasonableness this court affords post-Booker sentences imposed within a properly calculated Guidelines range is unconstitutional. Our precedent, however, forecloses this argument.  See, e.g., United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439); United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  As

one panel of this court cannot overrule another, Mercer's argument must fail.

Finally, Mercer contends his 360-month sentence is unreasonable because consideration of acquitted conduct caused his criminal history to be overstated, and because the length of his sentence is disproportionate to the crime for which he was convicted. We review the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a), and determine an appropriate sentence.

Here the court sentenced at the bottom of the applicable sentencing guidelines' range. We conclude Mercer is unable to rebut the presumption of reasonableness due to his extensive criminal history and find the sentence is reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED