**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4733**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERRY JABBARI RHODES, a/k/a Viking, a/k/a JJ,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:14-cr-00607-JFA-13)

Submitted:  September 23, 2019                    Decided:  October 8, 2019

Before WILKINSON and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jerry Jabbari Rhodes of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Rhodes was originally sentenced as a career offender, but in his first direct appeal, we held that Rhodes' prior South Carolina conviction for distribution of a controlled substance in proximity of a school did not qualify as a "controlled substance offense" under the Sentencing Guidelines and that Rhodes therefore was not a career offender. We accordingly vacated this portion of the district court's judgment and remanded for resentencing. *United States v. Rhodes*, 736 F. App'x 375, 378-80 (4th Cir. 2018) (No. 17-4162) (argued but unpublished). Rhodes now appeals the 205-month sentence imposed by the court at resentencing.

At trial, the jury found Rhodes responsible for a measurable quantity of cocaine and cocaine base, but, at resentencing, the district court held Rhodes responsible for more significant quantities of cocaine and cocaine base. On appeal, Rhodes contends that the district court erred in considering conduct acquitted by the jury as relevant conduct for sentencing purposes and that his sentence is therefore unreasonable.[1] We affirm.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de

_____

[1] Rhodes also has filed a motion to file a pro se supplemental brief. Because Rhodes is represented by counsel and this appeal is not filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), we deny the motion. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

2

novo.  *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018).  "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  *Gall*, 552 U.S. at 51.

The Supreme Court has held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  *United States v. Watts*, 519 U.S. 148, 157 (1997).  Although Rhodes contends that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), overruled *Watts*, *Nelson* does not cite *Watts* nor does it call into question *Watts*' holding, as *Watts* recognized that "application of the preponderance standard at sentencing generally satisfies due process."  *Watts*, 519 U.S. at 156.  Furthermore, we recently stated:

> It has long been established that sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing.  Of course, the court must find the drug amounts established by a preponderance of the evidence.  Thus, even if a court knows that a jury had a *reasonable doubt* about drug quantities, that doubt would not preclude the court's finding of those quantities by a *preponderance of the evidence*, a lower standard.

*United States v. Davis*, 918 F.3d 397, 405 (4th Cir. 2019) (citation and internal quotation marks omitted).  Thus, to the extent Rhodes contends that his sentence is unreasonable simply because the district court relied on acquitted conduct proven by a preponderance of the evidence rather than beyond a reasonable doubt, such argument is squarely foreclosed

by the Supreme Court's and this court's precedent.[2]  Rhodes' double jeopardy argument fails for the same reasons.  *See Monge v. California*, 524 U.S. 721, 728 (1998); *Watts*, 519 U.S. at 154-55; *United States v. Romulus*, 949 F.2d 713, 717 (4th Cir. 1991).  Nor did the district court believe, as Rhodes argues, that it was required to sentence on acquitted conduct.  Furthermore, the district court considered the 18 U.S.C. § 3553(a) (2012) factors and imposed a sentence below the Sentencing Guidelines range.  Thus, we conclude that Rhodes' sentence is reasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Rhodes contends that the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), has overruled reasoning that historically allowed sentencing on acquitted conduct.  *Haymond*, however, is inapposite.  The imposition of Rhodes' 205-month sentence did not involve a judge increasing the penalty to which Rhodes was subject because Rhodes' sentence was within the statutory maximum of 30 years.  *See* 21 U.S.C. §§ 841(b)(1)(C), 846; *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000).

4