**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4034**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

UNDER SEAL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:20-cr-00231-RDA-1)

─────────────

Submitted:  February 22, 2022                       Decided:  June 15, 2022

─────────────

Before GREGORY, Chief Judge, and THACKER and RICHARDSON, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  John C. Kiyonaga, LAW OFFICE OF JOHN C. KIYONAGA, Alexandria, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Rebecca H. Bellows, Assistant United States Attorney, Cristina C. Stam, Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, Alexander E. Blanchard, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Male Juvenile appeals the district court's order transferring him to adult status under the Juvenile Justice and Delinquency Act, 18 U.S.C. §§ 5031-5043 ("JDA").[1] Male Juvenile was charged in a two-count juvenile information with maiming in aid of racketeering activity, in violation of 18 U.S.C. §§ 2, 1959(a)(2), and assault with a dangerous weapon resulting in serious bodily injury in aid of racketeering activity, in violation of 18 U.S.C. §§ 2, 1959(a)(3).[2] The Government certified to the district court that there is a substantial federal interest in Male Juvenile's case and his offenses that warrant exercising federal jurisdiction. Male Juvenile argues that the district court lacked jurisdiction to transfer him to adult status because (1) a violation of Va. Code § 18.2-51 is not a "crime of violence" under the JDA; and (2) prosecuting him as an adult implicates no "substantial federal interest." Male Juvenile further asserts that the court abused its discretion when it determined that the interests of justice compelled the exercise of its discretion to transfer him for trial as an adult. Finding no error, we affirm.

## I.    *Jurisdiction*

The principal purpose of the JDA "is to remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to

---

[1] We possess jurisdiction to review the district court's transfer order under the collateral order doctrine. *United States v. Juv. Male*, 554 F.3d 456, 463-65 (4th Cir. 2009).

[2] The maiming and assault charges underlying the charged federal offenses were alleged under Va. Code § 18.2-51 and § 18.2-18.

2

encourage treatment and rehabilitation." *United States v. Robinson*, 404 F.3d 850, 858 (4th Cir. 2005) (internal quotation marks omitted). Accordingly, the JDA dictates that a juvenile not be prosecuted in federal court unless the Government first certifies "one of three potential jurisdictional bases for proceeding in federal court." *Juv. Male*, 554 F.3d at 460. The potential jurisdictional bases are: "(1) that no state possesses, or is willing to exercise, jurisdiction over the juvenile; (2) that the state lacks adequate programs and services for the juvenile; or (3) that the juvenile has committed a felonious 'crime of violence' or drug offense in which there is a substantial federal interest." *Id.*

In order to satisfy itself that jurisdiction exists, then, a district court must "review[] the stated reasons underlying the [G]overnment's decision to proceed in federal court." *Id.* (internal quotation marks omitted). In evaluating a transfer motion, "a court is not required to examine the veracity of the allegations lodged against the juvenile; it is entitled to accept the prosecution's allegations as true." *Id.* We conduct a de novo review of the district court's determination that it possessed jurisdiction over the proceeding against Male Juvenile. *See United States v. Cortez*, 930 F.3d 350, 355 (4th Cir. 2019).

The parties now agree that a violation of Va. Code § 18.2.51 is a "crime of violence" under the JDA. *See Moreno-Osorio v. Garland*, 2 F.4th 245, 253 (4th Cir. 2021) (holding that a violation of "Virginia Code § 18.2-51 is a 'crime of violence' under 18 U.S.C. § 16(a), since it has as an element the use of 'physical force'"). In addition, given the egregious nature of the offenses in Male Juvenile's case, the severity of the penalties Male Juvenile faces, the importance of the federal law under which the

Government seeks to prosecute Male Juvenile, and the fact that the Government has a significant interest in prosecuting all of the individuals—including the adult individuals—involved in the alleged crimes, we find no error in the district court's determination that a "substantial federal interest" is implicated in Male Juvenile's case.

We therefore conclude that the district court properly exercised jurisdiction over Male Juvenile's proceedings.

## II.      Discretionary Transfer

Before a juvenile defendant eligible for discretionary transfer may become the subject of a transfer order, the district court must determine, after a hearing, that transferring him for prosecution as an adult would serve the "interest[s] of justice."  18 U.S.C. § 5032, para. 4.  In so doing, the court must consider evidence on, and make findings of fact regarding, six factors:  (1) "the age and social background of the juvenile"; (2) "the nature of the alleged offense;" (3) "the extent and nature of the juvenile's prior delinquency record;" (4) "the juvenile's present intellectual development and psychological maturity"; (5) "the nature of past treatment efforts and the juvenile's response to such efforts"; and (6) "the availability of programs designed to treat the juvenile's behavioral problems." *Id.*, para. 5.

A transfer hearing is not a criminal proceeding; rather, it is essentially a civil matter that results in the adjudication of the juvenile's status. *See Juv. Male*, 554 F.3d at 459 & n.3.  Accordingly, the Government need only show by a preponderance of the evidence that transfer to adult status is in the "interest of justice." *See Robinson*, 404 F.3d at 858.

4

While the district court must make explicit findings on each of the six § 5032 factors, *see United States v. Romulus*, 949 F.2d 713, 715-16 (4th Cir. 1991), it need not accord them equal weight, *see United States v. Juv. Male No. 1*, 86 F.3d 1314, 1323 (4th Cir. 1996). This court has nonetheless recognized that "the nature of the offense is significant," and a district court does not clearly err if it concludes "that this factor weigh[s] heavily in favor of transfer." *Juv. Male*, 554 F.3d at 469. Regardless of the emphasis placed on a particular factor, however, the district court must be sure to "balance the rehabilitative purposes against the need to protect the public from violent and dangerous individuals." *Juv. Male No. 1*, 86 F.3d at 1323. While we review a district "court's findings on the statutory factors for clear error," we examine the court's "ultimate transfer ruling for abuse of discretion." *Juv. Male*, 554 F.3d at 469.

The district court here appropriately considered each of the § 5032 factors and thoroughly explained why it determined that the factors favored prosecuting Male Juvenile as an adult. We find that, given the documentary evidence before the court and the witness testimony provided during the transfer hearing, combined with the deference this court affords the district court's credibility determinations, *see United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) ("When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility" (cleaned up)), the district court did not clearly err in rendering its factual findings, *see United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (recognizing that this court will find clear error only if

5

it is "left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)).

And as to the court's decision to exercise its discretion to grant the Government's motion based on the § 5032 factors, the district court can be said to have abused its discretion only if it "acted arbitrarily or irrationally," "failed to consider judicially recognized factors constraining its exercise of discretion, . . . relied on erroneous factual or legal premises," or "committed an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (cleaned up). While we have considered Male Juvenile's insistence that the court inappropriately evaluated the § 5032 factors under the circumstances of his case, we defer to the district court's determination that the § 5032 factors weighed in favor of Male Juvenile being prosecuted as an adult. *See Juv. Male*, 554 F.3d at 469-70 (finding no abuse of discretion in district court's transfer decision because "the court appropriately evaluated and weighed th[e § 5032] factors").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*